UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

LESLIE MARTIN                    :        DOCKET NO.  14-3040

VERSUS                           :        JUDGE MINALDI

BOYD RACING LLC ET AL            :        MAGISTRATE JUDGE KAY

MEMORANDUM RULING

Before the court is a Motion to Memand filed on November 17, 2014 by the plaintif.f

Leslie Martin (hereinafter "plaintiff").  For the reasons provided below, the plaintiff's motion is

hereby **DENIED**.

I.
FACTS & PROCEDURAL HISTORY

This matter was filed originally in the 14th Judicial District Court in Calcasieu Parish,

Louisiana.  Doc. 1, att. 2, p. 1.  The case was removed to this court on grounds of diversity of

citizenship under 28 U.S.C. §1332.  The plaintiff timely filed this motion to remand in response.

Neither party disputes the amount in controversy and, having reviewed the claims as stated in the

plaintiff's petition, we find agree that is not an issue. *Id*. at p. 2.  The parties do, however, dispute

diversity of citizenship.

Plaintiff asserts in his motion that removal is improper because one of the named

defendants in this case, Boyd Racing, LLC, is a Louisiana limited liability company with its

principle place of business in Louisiana and civil actions otherwise removable solely on the basis

of diversity of citizenship "may not be removed if any of the parties in interest properly joined

and served as defendants is a citizen of the State in which such action is brought." 28 USC

§1441(b)(2).  Doc. 7, att. 1, p.1.  Accordingly, says the plaintiff, the defendant's removal to this court was improper.

In opposition the defendants claim that Boyd Racing, LLC "is owned by a single member, Boyd Louisiana Racing, LLC, [which in turn] is owned by a single member, Boyd Gaming Corporation," a Nevada Corporation with its principal place of business in Nevada. In addition, the defendants point out that Delta Downs Hotel, LLC, another named defendant, is a Nevada limited liability company dissolved in 2002 who as of the time of removal had not yet been served.[1]  Doc. 1, p. 4.  Accordingly, say the defendants, since the citizenship of an LLC is determined by the citizenship of its members, Boyd Racing, LLC is a citizen of Nevada, not Louisiana, and removal is not prevented by 28 USC §1441(b)(2). Do. 9, p. 1-2.

## II.
### LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a) (2013).  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1) (2013).  The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity requires that the citizenship of all parties on one side of a controversy be diverse from that of all parties on the other side. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); see also *McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004). The removing party

---

[1] We have been provided proof that the Delta Downs Hotel, LLC was dissolved in 2002 and that apparently, to date, the entity has not been served in this case. Doc. 9, att. 3, p. 1; Doc. 1, p. 4.  Moreover, beyond the petition, the plaintiff makes no mention whatsoever of Delta Downs Hotel, LLC in its motion to remand. Accordingly, although it was a named defendant in the original state court petition, its citizenship need not be considered here for purposes of diversity jurisdiction because it is apparent to us that the entity no longer exists.

bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

It has long been the case in this circuit that when jurisdiction is based on diversity, courts must strictly adhere to the rule that citizenship of the parties must be "'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir.1988) (quoting *McGovern v. Am. Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir.1975)). And, as we have noted before, it is also well settled that

> [w]hen a party to a suit is a Limited Liability Company (LLC), the citizenship of [the] LLC is determined by the citizenship of all it members. Similarly, the citizenship of a Limited Partnership (LP) is based upon the citizenship of each of its partners. When partners or members are themselves LLCs or LPs, the citizenship must be traced through however many layers of members/partners there may be.

*Roy O. Martin Lumber Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, 2012 WL 1596715, at \*3 (W.D. La. May 4, 2012) (internal citations omitted); see also *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) and see *Douget v. VCPHCS VI, L.L.C.*, 2014 WL 1030048, (W.D. La. Mar. 13, 2014).

Here the defendant has provided affidavits and other documentary evidence indicating that Boyd Racing, LLC is indeed a Louisiana LLC owned by a single member, Boyd Louisiana Racing, LLC. Thus, for diversity purposes, Boyd Racing LLC's citizenship is determined by the citizenship of its sole member, Boyd Louisiana Racing, LLC. Similarly, Boyd Louisiana Racing, LLC is owned by a single member Boyd Gaming Corporation. Doc. 9, atts. 1, 2.  By application of the same rule, then, Boyd Gaming Corporation's citizenship will determine both that of Boyd Louisiana Racing, LLC and in turn, Boyd Racing, LLC.

The citizenship of a corporation is governed by its state of incorporation and the state in which its principal place of business is located. *See* 28 USC §1332(c); *Nadler v. Am. Motors*

*Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985). Here, Boyd Gaming Corporation is a Nevada corporation with its principal place of business located in Las Vegas, Nevada. See Doc. 9, atts. 1-2.

Accordingly, we find that the defendants have carried their burden with respect to Boyd Racing, LLC.  For purposes of diversity, Boyd Racing, LLC is a Nevada citizen and thus is not domiciled in the forum state. The plaintiff's assertion that Boyd Racing, LLC has its principal place of business in Louisiana is wholly irrelevant. Removal was proper.

### III.
### CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is hereby **DENIED**.

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE