UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LESLIE MARTIN** | * | CIVIL ACTION NO. 2:14-cv-3040 |
| v. | * | JUDGE MINALDI |
| **BOYD RACING, L.L.C., ET AL** | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 17) filed by the defendants, Boyd Racing L.L.C. d/b/a/ Delta Downs Racetrack Casino and Hotel and Boyd Gaming Corporation ("Delta Downs"), an Opposition (Rec. Doc. 19) filed by the plaintiff, Leslie Martin, and a Reply (Rec. Doc. 22) filed by Delta Downs. For the following reasons, Delta Downs' motion will be **GRANTED**.

## FACTS & PROCEDURAL HISTORY

On October 4, 2013, Leslie Martin visited Delta Downs, which is a racetrack, casino, and hotel located in the City of Vinton, Louisiana.[1] At approximately 1:00 p.m., Martin parked her car in the Delta Downs parking lot, exited the vehicle, and began walking towards a little walkway at the front of her car.[2] Martin alleges that as she was walking by the front of her car, she slipped and fell on some sort of slime located on the concrete curb.[3] According to Martin, she flew up in the air, her arm and rib cage hit the curb, and her left leg went back and her right leg went forward.[4] Purvis Guidry, a Delta Downs security officer, supervised the investigation of

---

[1] Pet. for Damages (Rec. Doc. 1-2) ¶¶ 2-3.
[2] Ex. A, Depo. of Leslie Miller Martin (Rec. Doc. 17-3), at 36; Ex. B, Depo. of Purvis Joseph Guidry (Rec. Doc. 17-3), at 37.
[3] Ex. A, Depo. of Leslie Miller Martin (Rec. Doc. 17-3), at 26, 39. Although Martin refers to the structure as a "retaining wall," the court believes "curb" is a more accurate description.
[4] *Id.* at 39.

1

Martin's accident and determined that an algae buildup caused the fall.[5] Shortly after the accident, two photographs were taken of the accident site by another Delta Downs security officer, James Miller.[6]

Martin filed a Petition for Damages in the Fourteenth Judicial District Court for the Parish of Calcasieu, Louisiana on September 10, 2014.[7] On October 16, 2014, Delta Downs removed the case.[8] Delta Downs filed the present motion on January 19, 2016.[9]

## LAW & ANALYSIS

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment

---

[5] Ex. B, Depo. of Purvis Joseph Guidry (Rec. Doc. 17-3), at 50-51.
[6] Ex. A, Depo. of Leslie Miller Martin (Rec. Doc. 17-3), at 43-44; Ex. C, Depo. of James Russel Miller (Rec. Doc. 17-3), at 12-13; Ex. D, Photograph of Scene of Accident (Rec. Doc. 17-3); Ex. E, Photograph of Scene of Accident (Rec. Doc. 17-3).
[7] Pet. for Damages (Rec. Doc. 1-2).
[8] Notice of Removal (Rec. Doc. 1).
[9] Mot. for Summ. J. (Rec. Doc. 17).

2

is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . ." *Id.*

LA. REV. STAT. ANN. § 9:2800

This case is governed by the Louisiana Merchant Liability Act, which "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Jones v. Brookshire Grocery Co.*, 37,117 (La. App. 2 Cir. 5/14/03); 847 So.2d 43, 48. Under the Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. ANN. § 9:2800.6(A). The Merchant Liability Act further provides:

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* § 9:2800.6(B). "The burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109 (La. App. 3 Cir. 3/16/11); 59 So.3d 513, 515 (citing *White v. Wal–Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So.2d 1081). *See Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012). It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no

3

duty to protect against it. *See Stewart v. Wal-Mart Louisiana, LLC*, No. CIV.A. 12-1537, 2013 WL 1838578, at *2 (W.D. La. May 1, 2013); *Taylor v. Wal–Mart Stores, Inc.*, Case No. 05–1346, 2006 WL 1476031, *2 (W.D. La. 2006); *Reed v. Home Depot, Inc.*, 37,000 (La. App. 2 Cir. 4/9/03); 843 So.2d 588, 592; *Butler v. Doug's IGA*, 34,232 (La. App. 2 Cir. 12/6/00); 774 So.2d 1067, 1071.

Delta Downs argues that Martin's claims must be dismissed because the algae was an open and obvious condition, and thus it was not unreasonably dangerous and Delta Downs had no duty to protect against it. Martin argues that whether the algae posed an unreasonable risk of harm is a question of fact to be resolved after a full trial on the merits, not on summary judgment. However, under Louisiana jurisprudence summary judgment is appropriate "when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous." *Bufkin v. Felipe's Louisiana, LLC*, 2014-0288 (La. 10/15/14); 171 So.3d 851, 859 n.3.

Martin has failed to designate specific facts showing there is a genuine issue of material fact as to whether the algae on the curb were unreasonably dangerous. The accident occurred in broad daylight,[10] and the photographs of the location of the accident taken shortly after the fall reveal that the puddles of water in front of the curb and the algae on the curb were clearly visible.[11] Moreover, Delta Downs security officer Guidry testified that after talking with Martin he inspected the area where she fell and found that the algae "was very visible."[12] Martin has failed to provide any evidence to the contrary.

---

[10] Ex. A, Depo. of Leslie Miller Martin (Rec. Doc. 17-3), at 31.
[11] *See* Ex. D, Photograph of Scene of Accident (Rec. Doc. 17-3); Ex. E, Photograph of Scene of Accident (Rec. Doc. 17-3).
[12] Ex. B, Depo. of Purvis Joseph Guidry (Rec. Doc. 17-3), at 51.

The record reflects that the algae were readily visible. *See Poindexter v. Lowe's Home Centers, LLC*, No. 15-cv-1658 (W.D. La. Mar. 28, 2016) (holding that naturally occurring ice that accumulated in a parking lot was open and obvious). Thus, had Martin been exercising ordinary care when walking over the curb, she could have avoided the algae and subsequent injuries. Martin has not proven that an unreasonably dangerous condition caused her fall. Because Martin has failed to prove this essential element, all the other facts of this case are immaterial and summary judgment will be granted.

Lake Charles, Louisiana, this 12 day of April, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

5